CHARLOTTE V. QUINBY, Suing on Behalf of Herself and All Other Creditors of HENRY C. QUINBY, Deceased, Respondent, v. FLORENCE COLE QUINBY, Appellant.

First Department, November 4, 1927.

Insurance — life insurance — wife named as beneficiary — liability for debts of insured — complaint alleging that personal property is insufficient to pay debts is not sufficient where decedent left real property.

The complaint in an action to subject the proceeds of a policy of life insurance upon the life of the decedent, in which his widow is named as beneficiary, to the payment of his debts is insufficient which alleges merely that the proceeds from the sale of personal property are not sufficient to pay all claims, where it appears that he left real property applicable to the payment of debts.

APPEAL by the defendant, Florence Cole Quinby, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of February, 1927, denying defendant's motion to dismiss the complaint.

*Leverett J. Luce*, for the appellant.

*Ralph Q. Kelly* of counsel [*Niles & Johnson*, attorneys], for the respondent.

PER CURIAM. The appellant contends that the plaintiff must prove that the estate is insolvent before the proceeds of the policy of insurance in question may be applied to the payment of creditors of the decedent, and that the complaint must contain allegations showing such insolvency. We agree with both propositions.

There is no obligation that the widow shall apply a part of the proceeds of an insurance policy, when she is the beneficiary, to the payment of her husband's debts, unless the assets of the estate are insufficient to pay the creditors.

The complaint alleges that there has been an accounting and sets forth the substance of the accounting. It then alleges that the proceeds from the sale of the personal property are not sufficient to pay all the claims.

The decedent left real estate which is subject to the payment of debts. It does not appear that this real estate, if sold, would not pay the debts in question.

The statute (Dom. Rel. Law, § 52) provides that the proceeds of a policy of insurance are primarily liable for the husband's debts, but that has been held to mean that they are liable for the husband's debts providing there are not sufficient assets in the estate to pay the debts.

The Special Term admitted the proposition that the complaint should set forth the insolvency of the estate, but held that the allegations were sufficient for that purpose.

We are of the opinion that the complaint does not allege such facts. The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to amend upon payment of costs.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and PROSKAUER, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.